GARY M. RESTAINO
United States Attorney
District of Arizona
LIZA M. GRANOFF
Assistant United States Attorney
Florida Bar No.: 0159433
CARIN C. DURYEE
Assistant United States Attorney
California Bar 154476
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520.620.7300
Email: liza.granoff@usdoj.gov
Email: carin.duryee@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Baron Martin,<br>　aka "Convict,"<br><br>　　　　　Defendant. | CR-25-0190-TUC-AMM<br><br>GOVERNMENT'S MEMORANDUM IN SUPPORT OF REQUEST TO REDACT WITNESS'S PERSONAL INFORMATION FROM PUBLIC RECORD |

Pursuant to the Court's request, the United States of America, by and through its undersigned attorneys, hereby submits its Memorandum in support of a request by a witness to redact her personal information, and that of her mother, from the public record.

<u>Facts</u>

The defendant is charged by Indictment with two counts of sexual exploitation of a child for the purpose of producing sexually explicit conduct and one count of cyberstalking of a child, in violation of Title 18, United States Code, Sections 2251(a) and (e), and 2261A(2) and 2261B(a), respectively. *See,* Doc. 19. The complaint lays out the probable cause for those charges, including information regarding the terror groups known as "764"

\\

and "CVLT," and the defendant's role within those global networks. *See,* Doc. 1[1].

On February 4, 2025, the Court heard the defendant's motion for review of the magistrate judge's detention order. (Doc. 30.) At the hearing, the government advised the Court that a witness[2] in this case had reached out to government counsel the evening prior to the hearing through her counsel, Michael Harwin, Esq. Mr. Harwin communicated to government counsel that his client and her family were uncomfortable with her name being in the public record and they have safety concerns given the nature of the case.

As the Court knows, in his motion for review, the defendant named the witness and identified her as his girlfriend. (Doc. 24 at 5.) In that same pleading, he also identified her mother by name. *Id.* The defense did so again in their reply to the government's response. (Doc. 29 at 3-4.) In their reply, the defense went so far as to identify them by name and disclose where the witness attends college and where her mother is employed. *Id.*

In the context of the Court's detention review, the defense has repeatedly named the witness and claimed their relationship status and residence as a factor that should somehow lean in favor of the defendant's release. The arguments continuously overlooked that the witness and her mother recently experienced the surprise of having a federal search warrant executed at their home and learning much more about the defendant, whom they welcomed into their home in 2022, than they previously knew. Understandably, they are no longer willing to provide a residence for the defendant. Their unwillingness to provide the defendant a residence has been known to the defense since the original pretrial services report was submitted to the Court on December 12, 2024, was placed on the record by the government at every stage of the detention hearings held on December 19, 2024 and January 8, 2025, and in the government's response to the defendant's motion for review filed on January 27, 2025.

---

[1] The United States hereby incorporates by reference the facts proffered in the complaint (Doc. 1), the indictment (Doc. 19), and its filed response to the defendant's motion for review (Doc. 25).

[2] The defendant, through counsel, conceded his former girlfriend was a witness in this matter.

1    Moreover, defense counsel has been in touch with Mr. Harwin himself. According
2    to Mr. Harwin, defense counsel recently reached out to him claiming his client was still in
3    a relationship with the witness and wanted to have contact with her. Mr. Harwin explained
4    he told defense counsel that the defendant should have no contact with his client.

5    Mr. Harwin also shared that his client fears for her safety given the nature of the
6    terror networks to which the defendant "is alleged to be a part of and appears to be a part
7    of." Mr. Harwin explained that his client is fearful given her knowledge of the members
8    within those networks, what they have done, and are capable of doing.

9    Given the violent and coercive activities of 764, CVLT, and the like, the witness's
10   fears, and those of her mother, are supported by the evidence in this case.

### Law and Argument

12   The personal information of the witness and her mother should be redacted from the
13   public record, or the Court may order the defense pleadings sealed in their entirety. The
14   Court, at any time, may "for good cause, deny, restrict … or grant other appropriate relief"
15   it deems just under the circumstances when a party seeks a protective order in a criminal
16   case. *See,* Fed. R. Crim. P. 16(d). It has long been recognized that district courts have broad
17   discretion to determine whether a protective order is appropriate and to what degree the
18   protection is warranted. *See, Seattle times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984). The
19   moving party has the burden of proof to show "good cause" which requires the movant to
20   show "specific prejudice or harm will result" if the protective order is not granted by the
21   court. *In re Roman Catholic Archbishop of Portland,* 661 F.3d 417, 424 (9th Cir. 2011)
22   (internal citations omitted).

23   Similarly, the Ninth Circuit has held that district court judges have "inherent power
24   to seal documents." *United States v. Shryock,* 342 F.3d 948, 983 (9th Cir. 2003). In doing
25   so, courts' sealing orders must not be "greater than necessary" to protect the interest that
26   justifies the sealing order. *See, United States v. Brooklier,* 685 F.3d 1162, 1172 (9th Cir.
27   1985). Here, the Court may either seal the defendant's documents in their entirety or,

alternatively, order the defense to redact the witness's name and replace the filings with redacted versions.

The witness and her mother no longer welcome the defendant into their home. This fact has been known to the defense since December 12, 2024. It is unnecessary and irrelevant to include the identity of a young female with close ties to the defendant by name, disclose where she attends school, or share her mother's name and place of employment on a public document.

For years, the defendant has been active in online global networks that prey on young, vulnerable females. He has amassed numerous victims whom he has threatened, terrorized, and damaged by using personal information he collected about said victims. These terror networks, and the defendant, have regularly threatened those who run counter to their groups. These networks, and the defendant, have obtained personal information about their victims from public sources to conduct doxing campaigns. These networks, and the defendant, have gone to great lengths to exert influence and control over vulnerable persons. The defendant also has associates across the globe that are willing to help fellow members of these networks further their crimes or terrorize those who oppose them.

In addition to the above acts, the defendant has participated in bomb threats, swatting and doxing campaigns, and alleged kidnappings along with the child exploitation and cyberstalking crimes as charged in the indictment. It is entirely understandable that a young person and her family would not want to be publicly associated with the defendant for fear of being targeted by being associated with such conduct. More importantly, there appears to be no good reason for the defendant to have publicly identified the witness and her mother and potentially place them at risk of further harm unless it is to intimidate or dissuade the witness from providing information that would be useful to the government.

Crime victims and witnesses are, to varying degrees, unwilling participants in the justice system. Nevertheless, the information about them in court documents can still be stigmatizing or subject them to harassment or intimidation. As the government explained to the Court at the motion for review hearing, the government has not yet ruled out the

young woman at issue as a direct victim of the defendant's crimes, but there is no doubt she and her mother have been harmed by his conduct. Moreover, she and her mother are clearly witnesses who should be protected from unwanted contact from the defendant, including acts that may tamper with or dissuade them from testifying. They should not also be subjected to reduced privacy, anxiety, and potential risk of harm by their information being included in publicly filed documents.

Since there is no relevant or compelling reason for her or her mother's name and personal information to be included in the filings at issue, the witness's legitimate fear of potential harm should not be minimized or ignored. Purposeless insistence on publicly naming them constitutes an invasion of privacy which potentially puts the witness and her family in the crosshairs of others who may seek to support or protect the defendant. Waiting for dangerous consequences to materialize would serve no legitimate purpose and would unjustly harm yet another young female in the defendant's orbit.

On the other hand, redacting their names and personal information, or making a reference only to their relationship, suffices and in no way limits the defense here. The potential inconvenience to the defendant of redacting their names and personal information from the public record is minimal compared to the compelling interest in protecting their privacy and security as they have asked the parties to do.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

For the foregoing reasons, the government respectfully requests that the Court take their fears seriously and order the defense to redact their names and personal information from the public filings, or alternatively, seal the defense documents in their entirety.

Respectfully submitted this 6th day of February 2025.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Liza M. Granoff*

LIZA M. GRANOFF
CARIN C. DURYEE
Assistant U.S. Attorneys

Copy of the foregoing served electronically
or by other means to:

ALL ECF RECIPIENTS