JON M. SANDS
Federal Public Defender
**WALTER I. GONÇALVES, JR.**
Arizona Bar No. 023659
**LEO MASURSKY**
Arizona Bar No. 018492
Assistant Federal Public Defenders
407 W. Congress St., Suite 501
Tucson, AZ  85701
Telephone: (520) 879-7500
walter_goncalves@fd.org
leo_masursky@fd.org
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR25-00190-AMM-BGM |
| Plaintiff, | **Response to Government's Memorandum in Support of Request to Redact Witness's Personal Information from Public Record** |
| vs. | |
| Baron Martin, | |
| Defendant. | |

**Factual Background**

Baron Martin, through the undersigned, asserts three factual clarifications for the Court: (1) lack of disclosure to study the government's factual statements relevant to the issue in this response; (2) the timing of the request to redact; and (3) the girlfriend's mother's claims to Pretrial Services on the day of the initial appearance.

**1. Lack of disclosure**

As of this writing, the government has disclosed no police reports nor expert summaries relating to "764" and "CVLT" to the defense. The only information the undersigned can rely on for case analysis are publicly filed documents such as the Complaint, Indictment, and motions filed by the government. *See* Complaint, ECF No 3; Indictment, ECF No. 19, Gvt.'s Rsps. To Def.'s Motion for Review of Det. Order, ECF

1

No. 25; and Gvt.'s Memo. In Supp. of Rqst. to Redact Witness's Prsnl. Inf. From Public Record, ECF. No. 31. It is difficult to respond to the government's pronouncements about Mr. Martin's alleged involvement with CVLT and 764. Specifically, the defense does not know if independent sources connect Mr. Martin to these groups other than his statements.

### 2. The timing of the request to redact

The undersigned filed Appeal of Detention Order to District Court Judge, ECF No. 24, on January 15, or 19 days before the government sent the undersigned an email asking for redaction of witnesses' names. E-mail from Carin Duryee, Assistant United States Attorney, to the undersigned (Feb. 3, 2025, 17:13 MST). Presumably, the request for redaction came from the witnesses' attorney after he accessed the legal filings, spoke to his clients, and contacted the Assistant United States Attorneys. If the government and witnesses were concerned about protection, they would have made that clear from the start: at the initial appearance or upon the undersigned's filing on January 15 of the Appeal of Detention Order to District Court Judge, ECF No. 24.

### 3. The girlfriend's mother's assertions to Pretrial Services

Mr. Martin's girlfriend's mother told Pretrial Services just before the Initial Appearance that she did not permit Mr. Martin to return to her house to live with her and her daughter. The Pretrial Services Report states the girlfriend's mother "informed at this time she cannot welcome the defendant to return to reside at her residence due to employment purposes, *however, if circumstances changed, she would notify Pretrial Services*." Prtrl. Srvs. Report 2, ECF No. 10 (emphasis added).

### Issue

The issue before the Court is whether the government has shown good cause for redaction from public filings of witness names, the mother's place of employment, and the name of the college Mr. Martin's girlfriend attends.

**Discussion**

The Ninth Circuit has ruled there is a presumption of public access to court records. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). But access to judicial records is not a given. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To seal documents filed in connection with a dispositive motion, the parties must show "compelling reasons" for doing so. *Id*. at 1180, 1182 ("[T]he proponent of sealing bears the burden with respect to sealing."). To show compelling reasons, a party is "required to present articulable facts identifying the interests favoring continued secrecy and to show that these specific interests [overcome] the presumption of access by outweighing the public interest in understanding the judicial process." *Id*. at 1181.

Parties seeking to file documents under seal in connection with a nondispositive motion must only show "good cause" for the requested sealing. *Id*. at 1180. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result . . . . If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips*, 307 F.3d at 1210-11.

The "good cause" standard applies because the motions filed by the undersigned do not dispose of the case. They sought Mr. Martin's release from custody.

There is no good cause for redaction. Members of CVLT and 764, according to the government's assertions, have committed egregious acts against minors. *See* Complaint 2. But these witnesses are not minors and are presumably not connected to the social media platforms where CVLT and 764 operate. Although the government accuses Mr. Martin of acts involving minors and involvement with 764 and CVLT, there is no particularized evidence the witnesses stand in harm's way. There has been no individualized showing. The government asserts that not redacting the information will lead to their "reduced privacy, anxiety, and potential risk of harm by their information being included in publicly filed documents." Gvt.'s Memo. In Supp. of Rqst. to Redact

3


Witness's Prsnl. Inf. From Public Record 5. But no details support their "legitimate fear of potential harm." *Id*.

Good cause under Rule 26(c) requires a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Jerolimo v. Physicians for Women, P.C.*, 238 F.R.D. 354, 356 (D. Conn. 2006). The witnesses, their lawyer, and the government, have only shown stereotyped and conclusory statements.

## Conclusion

The Court should not seal Mr. Martin's filings nor order redaction of the witness's names, place of employment, or college.

Respectfully submitted this: February 11, 2024.

JON M. SANDS
Federal Public Defender

*/s/ Walter I. Gonçalves, Jr.*
WALTER I. GONÇALVES, JR.
Assistant Federal Public Defender

*/s/ Leo Masurky*
LEO MASURSKY
Assistant Federal Public Defender